### WAGENER & CO. *v.* SWYGERT.

1. Under motion to vacate a judgment, findings of fact by the Circuit Judge will not be disturbed by this court. In this case they are approved.

2. A father being sued as surety, sent the copy-summons to his son, the principal, a co-defendant, who promised in reply that he would pay the debt. The father took no further steps in the cause, but the son employed counsel to represent both defendants, and a joint answer was filed. After judgment enrolled, the father employed other counsel, who moved to vacate this judgment. *Held*, that the judgment should not be vacated, either upon the ground of the unauthorized appearance of counsel or of excusable neglect.

3. A, a resident of County F., and B, a resident of County L., gave a mortgage of lands respectively owned by them in Counties F. and L., respectively, to secure their joint bond. Action against both of them to foreclose this mortgage is within the jurisdiction of the Court of Common Pleas for County F.

Before WITHERSPOON, J., Fairfield, February, 1888.

The appeal in this case was from the following order :

The defendant, John S. Swygert, sr., moved the court at the February term, 1888, for Fairfield County to vacate a judgment of foreclosure rendered against him by said court in the above entitled case, and for leave to file an answer. The defendant, John S. Swygert, sr., is the father of the defendants, John S.

Swygert, jr.   The father lived in Lexington County, and son lived in Fairfield County, conducting an extensive mercantile business at Dawkinsville and Jenkinsville in said county, and at Peak's Station in Lexington County.   The defendants, John S. Swygert, jr., and John S. Swygert, sr., on June 8, 1885, executed and delivered to the plaintiffs, F. W. Wagener & Co., their joint and several bond, conditioned to pay said plaintiffs January 1, 1886, the sum of $40,480.65, with interest from date at the rate of ten per cent per annum.   On the same day, to secure the payment of said bond, said defendants executed and delivered to said plaintiffs a mortgage of the lands of John S. Swygert, jr., in Fairfield County, as well as some 3,649 acres of land belonging to John S. Swygert, sr., in Lexington County.

The above entitled action was commenced by plaintiffs March 3, 1887, to foreclose said mortgage, and the defendants, John S. Swygert, jr., and John S. Swygert, sr., were each duly served with copies of the summons March 24, 1887.   John S. Swygert, jr., wrote to his attorneys, Messrs. Ragsdale & Ragsdale, at Winnsboro, to answer the complaint in the above action for himself and father, stating that it was his father's request that said attorneys should answer on behalf of his father.   After personal conference with John S. Swygert, jr., Messrs. Ragsdale & Ragsdale appeared in the said cause, filed a joint answer for John S. Swygert, jr., and John S. Swygert, sr., and represented each of said defendants in the subsequent proceedings in the above entitled cause.   It does not appear that said attorneys failed to discharge their duty.   On September 21, 1887, the plaintiffs obtained judgment in the above cause against John S. Swygert, jr., and John S. Swygert, sr., for $47,994.32 ; the said judgment directing the sale of the mortgaged premises to satisfy said judgment. On salesday in November, 1887, the land of John S. Swygert, jr., in Fairfield County was sold under said judgment and was bid off by plaintiff, and on salesday in January, 1888, the land of John S. Swygert, sr., was sold under said judgment at Lexington C. H. and bid off by Walter S. Montieth, Esq., attorney for John S. Swygert, sr.

On the 4th day of January, 1888, the defendant, John S. Swygert, sr., gave notice of this motion.   The defendant, John S.

Swygert, sr., in his affidavit in support of this motion alleged that he never authorized Messrs. Ragsdale & Ragsdale to appear and answer in said cause in his behalf, and he seeks relief from said judgment under section 195 of the Code upon the ground of surprise and excusable neglect. The first point to be considered is whether Messrs. Ragsdale & Ragsdale were authorized to represent John S. Swygert, sr., in the above entitled action? The son, John S. Swygert, jr., *swears* that his father, John S. Swygert, sr., authorized and requested him to employ said attorneys to represent him. The father, John S. Swygert, sr., *swears* that he did not authorize said attorneys to represent him. The statements of the father and son appear to be equally entitled to credit. John S. Swygert, sr., claims to be surety for his son, John S. Swygert, jr., upon the joint and several bond executed to plaintiffs June 8, 1885; and it appears by his affidavit that he has very little knowledge of the transactions between plaintiffs and his son. He admits that when served with a copy of the summons he sent it to his son, wishing to know from his son what was the difficulty and what he should do in the matter. Under these circumstances it would seem to be impracticable for the father to answer in said cause without the aid of the son, upon whom the father seems to have relied implicitly. Ragsdale & Ragsdale had been the attorneys of the son several years, and it would appear natural and reasonable that the father would commit his defence to the attorneys defending for his son. It is difficult to conceive what motive or object the son could have had in procuring his attorneys to represent his father without his father's authority. It appears that John S. Swygert, sr., is some seventy-five years of age, and it is contended that his memory is seriously impaired. I am inclined to the conclusion that John S. Swygert, sr., did authorize his son John S. Swygert, jr., to employ Messrs. Ragsdale & Ragsdale to represent him, and that his memory fails him on this point.

But if Messrs. Ragsdale & Ragsdale were not authorized to represent John S. Swygert, sr., the question still arises, is John S. Swygert, sr., entitled to relief upon the ground of excusable neglect in failing to answer in the above entitled cause? John S. Swygert, sr., does not charge the plaintiffs or his son with

fraud.   It is not contended that plaintiffs did anything to prevent John S. Swygert, sr., from filing his answer in the above cause ; on the contrary, it appears that on the 14th or 15th of March, 1887, after the service of the summons upon John S. Swygert, sr., and before John S. Swygert, jr., wrote to Messrs. Ragsdale & Ragsdale, the plaintiffs' attorney, A. S. Douglass, Esq., wrote to John S. Swygert, sr., stating to him that the plaintiffs would prefer that he would file an answer and be represented by counsel in the above entitled cause.   The defendant, John S. Swygert, sr., in his affidavit states that when he sent a copy of the summons served upon him to his son and inquired what was the difficulty, that his son assured him that he (the son) would pay the debt and save his father harmless.   Whilst John S. Swygert, sr., has probably suffered from the confidence reposed in his son, John S. Swygert, jr., yet if that fact was established, it would not furnish ground for relief on account of excusable neglect in his failing to respond to the summons in the above action.   As it appears that John S. Swygert, sr., gives his personal attention to his business, including the supervision of a saw mill near Columbia, his age and mental infirmity cannot be urged as a sufficient excuse for his failure to answer in the above cause.

I am constrained to conclude that the defendant, John S. Swygert, sr., is not entitled to the relief which he seeks in this motion.   It is ordered and adjudged, that the motion of John S. Swygert, sr., to vacate the judgment of foreclosure in the above entitled cause and for leave to answer be refused.

*Mr. W. S. Monteith*, for appellant.

*Mr. A. S. Douglass*, contra.

March 7, 1889.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   The defendants, John S. Swygert, jr., and John S. Swygert, sr., in 1883 executed a joint mortgage of certain lands (one or more tracts being located in Fairfield County and the remainder in Lexington County, John S. Swygert, jr., owning individually the lands in Fairfield and a portion in Lexington, and John S. Swygert, sr., owning a tract

in Lexington) to secure a certain joint bond of these parties to the plaintiffs for a very large amount, some $40,000. John S. Swygert, jr., resided in Fairfield, and John S. Swygert, sr., in Lexington on his tract thus mortgaged. It seems that John S. Swygert, jr., was engaged in business in Fairfield, and John S., sr., his father, became his surety on his bond for advances, &c., made by the plaintiffs.

In 1887 a suit was instituted in Fairfield County to foreclose said mortgage and for judgment for any deficiency which might remain after applying the proceeds of the land sought to be sold; and the defendant, Yarborough, to whom John S. Swygert, jr., had made an assignment for the benefit of creditors, after the date of the mortgage, was made a party. The defendants, Swygerts, were both served with summons, and it appears that Swygert, sr., sent the summons served on him to his son in Fairfield, who employed Messrs. Ragsdale & Ragsdale, attorneys at Winnsboro, to appear and answer, and a joint answer for these defendants was put in by these attorneys. Upon the hearing a judgment of foreclosure was ordered, with leave to enter execution for any deficiency. This judgment or decree was obtained upon the report of a referee, to whom the question of the amount due on the bond and mortgage had been referred.

After the sale of the lands of John S. Swygert, jr., in Fairfield County under this judgment, and it had been transferred to Lexington County to be enforced there, the attorneys, now representing John S. Swygert, sr., were, on motion, substituted in the place of Messrs. Ragsdale; whereupon they gave notice of a motion to vacate said judgment in so far as the said John S. Swygert, sr., was concerned, and for leave to withdraw the answer alleged to have been originally filed in his behalf. The grounds upon which this motion was based seem to have been: 1st. That Messrs. Ragsdale had no authority to represent Swygert, sr.; and 2d. Excusable neglect on the part of the said Swygert.

His honor, Judge Witherspoon, dismissed the motion, after full hearing upon numerous affidavits for and against. The appeal alleges error in the findings of fact by his honor as to the employment of Messrs. Ragsdale as attorneys for John S. Swy-

gert, sr., and also in reference to the excusable neglect relied on. "2d. That his honor erred in not vacating the judgment, allowing the defendants to answer, setting up a plea of jurisdiction, it being apparent to his honor that the court in which the alleged judgment was rendered was without jurisdiction over the defendant." And because his "honor erred in not deciding upon the facts presented before him, and on this motion, which are set out in the body of the decree, that the court was without jurisdiction, and said judgment therefore void."

We have read the affidavits submitted on the hearing of the motion, and we concur in the findings of the Circuit Judge, for the reasons fully stated in the decree. Swygert, the father, was duly served with a summons. This gave the court jurisdiction of his person, and although he appears to have been quite an old man, yet he was in charge of his own affairs, giving his personal attention and supervision thereto, including a saw mill near Columbia, and the evidence was not sufficient to warrant the court in finding that he was mentally incapacitated from understanding the nature of the proceedings instituted against him and of the requirements of the summons served upon him.

But even if this matter was doubtful, in the absence of error of law in connection with the findings of fact, this court would not interfere. *LeConte* v. *Irwin*, 19 S. C., 557; *Higgins* v. *Wait*, 28 S. C., 606, and also 5 S. E. Rep., 361. If he had a defence to the action, it was his duty to see that it was set up, and if he chose to rely upon his son (which it appears he did by sending the summons to him), and the son failed in properly protecting him, this was misplaced confidence, for which he must take the consequences. The plaintiffs certainly could not be held responsible. If he did not intend to authorize his son to conduct the defence for him, including the employment of attorneys, it was his duty to attend to this matter himself; and not having done so he must have known, or should have known, that the judgment would go against him by default. We see no ground for relief to him now, neither because Messrs. Ragsdale were not authorized to appear for him, nor from excusable neglect on his part.

As to the question of jurisdiction. The code provides that

"in all other actions (and this includes actions for the recovery of money) the action shall be tried in the county in which one or more of the defendants reside." (*Code*, section 146.) And for foreclosure of mortgages "in the county in which the subject of the action, *or some part thereof*, is situated." (*Code*, section 144.) See, also, Code, section 188, as to the power of the court in foreclosure proceedings to direct payment of any residue, after applying proceeds of the sale of the mortgaged premises. John S. Swygert, jr., resided in Fairfield County, where the action was brought. John S. Swygert, sr., was summoned to appear and answer in that county. A part of the subject of the action, to wit, of the mortgaged real estate, was situate in that county, and we think, therefore, that the court below had jurisdiction of the whole matter, including the foreclosure directed and the judgment for the residue after sale of the lands, and the application of the proceeds thereof. *Barrett* v. *Watts*, 13 S. C., 441.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.